UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| YILAN MACEIRA,<br><br>   Plaintiff,<br><br> v.<br><br>IQ DATA INTERNATIONAL,<br><br>   Defendant. | Case No.  4:21-cv-00854 |

**NOW COMES** the Plaintiff, YILAN MACEIRA ("Plaintiff"), by and through her undersigned counsel complaining of the Defendant, IQ DATA INTERNATIONAL ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq* and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. YILAN MACEIRA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Bryan, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

6. IQ DATA INTERNATIONAL ("Defendant") maintains its principal place of business at 21222 30th Drive, Suite 120, Bothell, Washington 98028.

7. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

8. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

9. On or around February 2021, Plaintiff received a bill from the Presidio Apartments ("Presidio") for $169 regarding move-out fees from a rental unit ("subject debt").

10. On February 21, 2021, Plaintiff mailed a money order in the amount of $169 to Presidio Apartments for the balance on the subject debt.

11. On February 15, 2021, Defendant mailed a verification letter to Plaintiff stating that she still owed the subject debt plus interest for a total of $187.76.

12. On March 10, 2021, concerned that her payment may not been processed, Plaintiff called Presidio to discuss the matter.

13. During this phone call, Presidio's representative confirmed that the balance of the subject debt was $0 and Plaintiff have no further obligations on the subject debt.

14. In addition to the letter sent, Defendant also reported the subject debt to the credit bureaus, causing Plaintiff's credit score to drop 27 points.

15. At all times relevant Plaintiff did not owe a subject debt to Defendant, yet Defendant attempted to collect upon an alleged debt.

16. Concerned that Defendant was attempting to collect on a debt that was already paid, and with false information reporting on her credit report, Plaintiff retained counsel to help resolve this matter.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

18. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

**a.     Violations of 15 U.S.C. § 1692e**

19. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

20. Section 1692e(2) of the FDCPA prohibits a debt collector from making false representations regarding the character, amount, or legal status of the debt. 15 U.S.C. § 1692e(2).

21. Section 1692e(8) of the FDCPA prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

22. Defendant violated 15 U.S.C. §§ 1692e , e(2) and e(8) by reporting a debt that is not owed on Plaintiff's credit report.

23. Specifically, Plaintiff paid the subject debt directly to Presidio and verified that she no longer owed on the subject debt; yet, Defendant still attempted to not only collect the subject debt but also attempt to collect interest in addition.

24. Defendant's representations that there was additional interest accruing was false.

25. Defendant violated 15 U.S.C. §§ 1692e and e(8) when it reported the subject debt to the credit bureaus as in collections with a balance when, in fact, Plaintiff had already paid the balance with Presidio.

    **b.**    **Violations of 15 U.S.C. §1692f**

26. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

27. Pursuant to §1692f(1) of the FDCPA, a debt collector is prohibited from attempting to collect "any amount . . .unless such amount is authorized by the agreement creating the debt." 15 U.S.C. §1692f(1).

28. Defendant violated 15 U.S.C. §§1692f by using unfair or unconscionable means in its attempt to collect the subject debt.

29. Specifically, it was inherently unfair and unconscionable for Defendant to attempt to collect on a debt which was no longer owed.

30. Additionally, it was inherently unfair and unconscionable that Defendant attempted to collect interest which was (a) not authorized by the agreement that created the subject debt and (b) not owed because Plaintiff had already paid the underlying principal amount of the subject debt.

**WHEREFORE,** Plaintiff, YILAN MACEIRA, requests that this Honorable Court enter judgment in her favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    b.    Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c.    Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d.    Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32.    The subject debt is a "debt" as defined by Tex. Fin. Code Ann. §392.001(6).

33.    Section 392.303(2) of the TDCA states that a debt collector is prohibited from "collecting or attempting to collect interest or a charge, fee, or expensive incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." Tex. Fin. Code Ann. §392.303(2).

34.    Section 392.304(8) of the TDCA states that a debt collector is prohibited from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." Tex. Fin. Code Ann. §392.304(8).

35.    Defendant violated Tex. Fin. Code Ann. §392.303(2) by attempting to collect interest on the subject debt when the underlying principal balance was already paid.

36. Defendant violated Tex. Fin. Code Ann. §392.304(8) because it was unfair to collect on a debt that was not owed.

**WHEREFORE**, Plaintiff, YILAN MACEIRA, requests that this Honorable Court enter judgment in her favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.303(2) and 392.304(8);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: March 15, 2021

Respectfully submitted,

**YILAN MACEIRA**

By: /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com